## Case No. 16,735.

UNITED STATES v. WILSON.

[1 Hoff. Land Cas. 84.] 1

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANTS.

The description of the land granted is sufficient, aided by the diseño.

Claim [by Juan Wilson] for a tract of land, supposed to contain four leagues, in Sonoma

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

county, confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty.
B. S. Brooks. for appellee.

[See Case No. 16,734.]

## Case No. 16,736.

UNITED STATES v. WILSON et al.

[1 Hunt, Mer. Mag. 167.]

District Court. S. D. New York. 1838.

CUSTOMS DUTIES—MANUFACTURED MARBLE.

[The tariff act of 1832 (4 Stat. 583), imposing a duty of 25 per cent. on all manufactured marble, does not apply to marble which has been cut into blocks simply for convenience in transportation.]

This was an action on two customhouse bonds, dated September 2, 1837, given by the defendants, T. Wilson and George F. Darby, for duties to the amount of $554.68, on 45 blocks of marble imported here by them, which duties had been imposed by the customhouse, on the ground that the marble was manufactured marble, whereas it was contended by the defendants that it was unmanufactured, and ought to be admitted free of duty. The bonds were given under protest, and were now put in suit, with the view of obtaining a judicial decision. By the tariff of 1832, unmanufactured marble is admitted free of duty, but there is a duty imposed on all manufactured marble of 25 per cent.

The case was briefly stated by B. F. Butler, Esq., the district attorney, and the defendants called two witnesses, one a measurer of, and the other a dealer in, marble, from whose concurrent testimony it appeared that the marble had been cut into blocks simply for the convenience of transportation, and that so badly and crookedly as to occasion a waste of the article. The protest was produced and admitted, and here the case closed, neither of the counsel summing up.

THE COURT (BETTS, District Judge) charged the jury that the only question for their consideration was as to whether this marble was or was not manufactured. A thing may be considered manufactured if any labor has been put upon it, changing it from the raw material, as with bar iron. When the term "manufactured" is applied to a commodity, the question then arises, has it been removed from its character of raw material? Another question is, in what sense or acceptation is the term "manufactured" used among dealers in marble? From the evidence of the defendants' witnesses, it does not appear that this is a manufactured article. If this was a manufactured article, it is your duty to render a verdict for the United States. If unmanufactured, then for the defendants.

The jury, without leaving their seats, found for the defendants.